IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHERMAN CUMMINGS,

      Plaintiff,                      No. CIV S-08-0939 FCD JFM P

    vs.

SACRAMENTO COUNTY SUPERIOR COURT,

      Defendant.                 FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is proceeding pro se. On May 2, 2008, plaintiff filed a civil rights complaint against the Sacramento County Superior Court. Plaintiff states he was "wrongly accused and convicted of crimes [he] did not do." (Id. at 3.) Plaintiff claims he is 51 years old, has a very low I.Q. and serious mental problems. However, plaintiff confirms he has a lawyer. (Id.)

        Public records reflect that plaintiff's criminal proceeding in state court is ongoing.[1] Plaintiff is facing felony charges for violation of Cal. Penal Code § 211 (second degree robbery), Cal. Penal Code § 245(A)(1) (assault with deadly weapon) and Cal. Penal Code § 422 (criminal threat to immediate family).[2] (People v. Cummings, Case No. 07F07024.) This state criminal proceeding is set for probation hearing, judgment and sentencing, and return on

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] The Sacramento County Superior Court website can be accessed at: https://services.saccourt.com/indexsearchnew/CaseNumberList.aspx?SearchValues=CUMMINGS,SHERMAN,,3861130.

1

doctor's report, on May 9, 2008, at 9:00 a.m. in Department 47. (Id.) Plaintiff was appointed a public defender on July 20, 2007. (Id.) Plaintiff pled not guilty to all three counts on October 19, 2007. (Id.) Doctors were appointed to examine plaintiff pursuant to Cal. Penal Code § 1367[3] on November 16, 2007. (Id.)

In a second case, 06F06314, plaintiff faced felony charges of Cal. Penal Code § 245(A)(1) (assault with deadly weapon) and Cal. Penal Code § 243(D) (battery).[4] (People v. Cummings, Case No. 06F06314.) Plaintiff pled no contest to one count of violation of § 245(A)(1); on November 17, 2006 he was sentenced to 240 days in jail with four years probation. (Case No. 06F06314.) On July 20, 2007, plaintiff's probation was revoked; doctor's reports are due to be returned on May 9, 2008, in this case as well. (Id.)

Federal courts are generally directed to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. Younger v. Harris, 401 U.S. 37, 49-53 (1971); Hirsch v. Justices of the Supreme Court of the State of California, 67 F.3d 708, 712 (9th Cir. 1995). In the Ninth Circuit, Younger abstention is proper where (1) there are ongoing state judicial proceedings, (2) that implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the federal claims. H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000). If these requirements are met, the case must be dismissed. Beltran v. State of California, 857 F.2d 542, 548 (9th Cir. 1988).

Plaintiff's complaint demonstrates that there is an ongoing state court action involving plaintiff and that he is challenging the constitutionality of that action. California courts

---

[3] Cal. Penal Code § 1367 governs the trial or punishment of mentally incompetent persons: "A person cannot be tried or adjudged to punishment while that person is mentally incompetent. A defendant is mentally incompetent for purposes of this chapter if, as a result of mental disorder or developmental disability, the defendant is unable to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner." Cal. Penal Code § 1367(a).

[4] This case can be accessed at the following internet address: https://services.saccourt.com/indexsearchnew/CaseNumberList.aspx?SearchValues=CUMMINGS,SHERMAN,,3861130.

have a strong interest in enforcing orders and disciplining parties before the courts. See Hirsch, 67 F.3d at 712-13. In addition, plaintiff may raise his constitutional claims in state court on appeal. Thus, imposition of the abstention doctrine is appropriate and plaintiff's claims relating to the ongoing state court action must be dismissed without leave to amend.

Moreover, plaintiff cannot claim damages for an allegedly unconstitutional conviction unless his conviction or sentence has been reversed on direct appeal, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 US. 477, 486 (1994). Any claim for damages based on his criminal conviction is therefore not cognizable under § 1983. Id.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 27, 2008.

UNITED STATES MAGISTRATE JUDGE

/001; cumm0939.dsm

3